UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH TOWNSEND,<br><br>            Plaintiff,<br><br>    v.<br><br>T. COOK, et al.,<br><br>            Defendants. | No.  1:24-cv-01285 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE SUMMARILY DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>PLAINTIFF'S SHOWING OF CAUSE DUE IN FOURTEEN DAYS |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, Plaintiff will be ordered to show cause why it should not be recommended that this matter be summarily dismissed for lack of jurisdiction given Plaintiff's failure to exhaust administrative remedies prior to filing suit in this Court.  Plaintiff will be given fourteen days to file the showing of cause.

I.   RELEVANT FACTS

On October 22, 2024, Plaintiff's complaint and his application to proceed in forma pauperis were docketed.  ECF Nos. 1, 2.  Two days later, Plaintiff's six-month prison trust fund

1

account statement was docketed, and Plaintiff's application to proceed in forma pauperis was granted. ECF Nos. 6-7, respectively.

Plaintiff names T. Cook and A. Sanchez, both of whom are correctional officers at California State Prison – Corcoran ("CSP-Corcoran"), as well as a John Doe as Defendants in this action. See ECF No. 1 at 1, 4. In the complaint, Plaintiff alleges violations of right by Defendants under the Americans with Disabilities Act,[1] as well as violations of right under the Eighth and Fourteenth Amendment, i.e., failure to protect and cruel and unusual punishment, stemming from events that occurred on September 14, 2024. See ECF No. 1 at 1-2, 5-7. He seeks $250,000.00 in compensatory damages; $25,000.00 for pain and suffering, and $25,000.00 for mental anguish. Id. at 8.

In the complaint, Plaintiff states that there is a grievance procedure available at CSP-Corcoran. ECF No. 1 at 3. However, when Plaintiff is asked on the complaint form whether he has completed the grievance procedure, Plaintiff states that he has not, that he is "still waiting for a response." Id. He provides no other information in response to the question.

II. DISCUSSION

A. Applicable Law

The claims of inmates who challenge their conditions of confinement are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under [Section] 1983." Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (brackets added) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)).

"Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." Ross v. Blake, 578 U.S. 632, 642 (2016) (brackets in original). In discussing availability in Ross, the Supreme Court identified three circumstances in which administrative remedies were unavailable: (1) where an administrative remedy "operates as a simple dead end"

---

[1] Plaintiff states that he is visually impaired and been diagnosed as legally blind. See ECF No. 1 at 6.

in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross, 136 S. Ct. at 1859-60. "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust – irrespective of any 'special circumstances.' " Id. at 1856. "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." Id. at 1857.

      B. Analysis

The PLRA requires that a prisoner exhaust administrative remedies before submitting any papers to the federal courts. Vaden v. Summerhill, 449 F.3d 1047, 1048 (9th Cir. 2006). Plaintiff clearly states in his complaint that he has not done this. See ECF No. 1 at 3. In addition, his only reason for not having done so does not fall within any of the Ross exceptions. See id. Therefore, Plaintiff's complaint is improperly before this Court. See 42 U.S.C. § 1997e(a) (stating no action can be brought by a prisoner under Section 1983 with respect to prison conditions until available administrative remedies have been exhausted).

For these reasons, Plaintiff will be ordered to show cause why this matter should not be summarily dismissed for failure to exhaust administrative remedies. He will be given fourteen days to comply with this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall SHOW CAUSE why this matter should not be SUMMARILY DISMISSED for failure to exhaust administrative remedies (see ECF No. 1 at 3), and

2. Plaintiff's showing of cause shall be filed within fourteen days from the date of this order.

IT IS SO ORDERED.

    Dated:   **November 26, 2024**                    **/s/ Gary S. Austin**
                                                               UNITED STATES MAGISTRATE JUDGE