UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH TOWNSEND,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>T. COOK, et al.,<br><br>　　　　Defendant. | No. 1:24-cv-01285 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING THAT THIS MATTER BE SUMMARILY DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING COMPLAINT IN THIS COURT<br><br>See 42 U.S.C. § 1997e(a)<br><br>PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATIONS DUE IN FOURTEEN DAYS |

　　　Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　For the reasons stated below, the undersigned will recommend that this matter be summarily dismissed for failure to exhaust administrative remedies prior to filing suit in this Court. Plaintiff will be given fourteen days to file objections to this order.

## I. RELEVANT FACTS

On October 22, 2024, Plaintiff's complaint was docketed. ECF No. 1. Approximately one month later, the Court conducted a cursory review of the complain, which led to it issuing an order to show cause. See ECF No. 8. In that order, the Court noted that in the complaint, when Plaintiff was asked whether the grievance process at his prison had been completed, he responded that he had not; that he was "still waiting for a response." See id. at 3 (order to show cause referencing ECF No. 1 at 3).

Plaintiff was given fourteen days to file the showing of cause. ECF No. 8 at 3. To date, Plaintiff has not filed it, nor has he requested an extension of time to do so. He has not responded to the Court's order in any way.

## II. DISCUSSION

The PLRA requires that a prisoner exhaust administrative remedies before submitting any papers to the federal courts. Vaden v. Summerhill, 449 F.3d 1047, 1048 (9th Cir. 2006). Plaintiff clearly states in his complaint that he has not done this. See ECF No. 1 at 3. In addition, his only reason for not having done so – i.e., that he is "still waiting for a response" – does not fall within any of the Ross exceptions. See id. Therefore, Plaintiff's complaint is improperly before this Court. See 42 U.S.C. § 1997e(a) (stating no action can be brought by a prisoner under Section 1983 with respect to prison conditions until available administrative remedies have been exhausted). For these reasons, the undersigned shall recommend that this matter be summarily dismissed for failure to exhaust administrative remedies.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this matter.

IT IS FURTHER RECOMMENDED that this matter be SUMMARILY DISMISSED failure to exhaust administrative remedies prior to filing suit in this Court. See 42 U.S.C. § 1997e(a).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections

with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

The Court will not consider exhibits attached to the objections. To the extent that a party wishes to refer to any exhibit, when possible, the party must reference the exhibit in the record by its CM/ECF document and page number or reference the exhibit with specificity. Any pages filed in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations. A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal. See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __December 31, 2024__          _____/s/ Gary S. Austin_____
                                       UNITED STATES MAGISTRATE JUDGE