UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH TOWNSEND,<br><br>            Plaintiff,<br><br>    v.<br><br>T. COOK, et al.,<br><br>            Defendants. | No. 1:24-cv-01285 KES GSA (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc No. 10) |

      Plaintiff, a former state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On November 26, 2024, the assigned magistrate judge issued an order to show cause why this action should not be summarily dismissed due to plaintiff's failure to exhaust administrative remedies before filing suit. (Doc. 8.) Plaintiff did not respond to that order. Thereafter, on January 2, 2025, the magistrate judge issued findings and recommendations recommending that this matter be summarily dismissed. (Doc. 10.) Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen days. (*Id.*) Plaintiff filed objections to the findings and recommendations, arguing that he may bypass the exhaustion requirement on futility grounds because the California Department of Corrections and Rehabilitation cannot provide him relief in the form of monetary damages.

1

1  (Doc. 12.) However, this type of argument has already been considered and rejected by the Supreme Court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("[A] prisoner must now exhaust administrative remedies even where the relief sought—monetary damages—cannot be granted by the administrative process.").

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case. Having carefully reviewed the file, the Court finds that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued January 2, 2025, (Doc. 10), are adopted in full;
2. This matter is dismissed, without prejudice, for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a); and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   February 6, 2025

UNITED STATES DISTRICT JUDGE

2