UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH TOWNSEND,<br><br>        Plaintiff,<br><br>   v.<br><br>T. COOK, et al.,<br><br>        Defendant. | No. 1:24-cv-01285-KES-GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 16) |

    Plaintiff Joseph Townsend is a former state prisoner proceeding pro se and in forma pauperis in this now closed civil rights action filed pursuant to 42 U.S.C. § 1983. On February 13, 2025, plaintiff filed a motion for reconsideration, (Doc. 16), which the Court construes to be seeking reconsideration of its order filed on February 7, 2025 adopting the magistrate judge's findings and recommendations and dismissing this action for failure to exhaust administrative remedies. (Doc. 13.)

    Plaintiff raises two grounds for reconsideration in his motion: First, that he timely filed his "motion of opposition" within the fourteen-day deadline from the date he received the Court's order; and second, that the Court must accommodate his legal blindness and difficulty reading and writing pursuant to the Americans with Disabilities Act by granting him more time to comply

with a court order.[1] (Doc. 16.)  Although plaintiff does not indicate the rule of procedure under which he seeks relief, the Court will liberally construe the motion and treat it as a Rule 60(b) motion for relief from judgment or order and as a Rule 59(e) motion to alter or amend the judgment.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citation omitted).  Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)).  In seeking reconsideration, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks & citation omitted).

Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

---

[1] Plaintiff does not specify which order or orders he is referring to here, but in any event, his failure to do so has no effect on the conclusion below.

2

Plaintiff's motion does not identify any basis under Rule 60 upon which this Court should reconsider its order dismissing this action. The Court considered and addressed plaintiff's objections when issuing its prior order and plaintiff presents neither newly discovered evidence nor an intervening change in the controlling law that would warrant reconsideration. Neither of the grounds raised in plaintiff's motion for reconsideration addresses the reason why this action was dismissed—namely, plaintiff's failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). (Docs. 10, 13.) The timeliness of plaintiff's filings was not at issue in, and had no bearing on, the Court's order adopting the findings and recommendations. Similarly, plaintiff's request for additional time does not identify any newly discovered evidence regarding the administrative exhaustion issue or show that additional time would enable him to identify any such evidence. Plaintiff has not set forth facts or law providing a basis upon which the Court should reverse its prior decision.

The Court has discretion to amend or alter the judgment under Federal Rule of Civil Procedure 59(e), but such remedy is "extraordinary" and "should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal quotation marks and citation omitted). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Id.* Plaintiff has not established any basis for extraordinary relief under Rule 59(e), and the Court does not find that he is entitled to such relief.

///
///
///
///
///
///

1 | Accordingly:
2 | 1. Plaintiff's motion for reconsideration (Doc. 16) is denied; and
3 | 2. This case shall remain closed.

IT IS SO ORDERED.

Dated: February 19, 2025

_____
UNITED STATES DISTRICT JUDGE